H. W. BUTTERWORTH & SONS COMPANY, Respondent, Appellant, *v.* THE B. F. STURTEVANT COMPANY, Appellant, Respondent.

First Department, February 9, 1917.

Sale — agreement of manufacturer of defective machine to bear expense of remedying defect — failure of vendor of defective machine to make repairs promptly — when manufacturer not liable for damages caused by vendor's delay — judgment roll in prior action — evidence.

The plaintiff sold to the Price Company heating machines manufactured by the defendant and guaranteed by it to evaporate a certain quantity of water from a "tenter frame" of certain dimensions which latter machine was manufactured by the plaintiff and sold to the Price Company at the same time. As the defendant's heating machine did not develop the efficiency guaranteed, the present plaintiff notified the defendant of the refusal of the Price Company to pay for the machinery and the defendant directed the plaintiff to make alterations in the "tenter frame" machine so as to afford the defendant's heater more opportunity for evaporation, the defendant offering to pay the expense of the alterations. Although the plaintiff's contract with the Price Company had a time limit set for performance, the alterations were not completed by the plaintiff until some time thereafter, and when the plaintiff sued the Price Company for the value of the machines the latter counterclaimed for damages caused by the delay and the present plaintiff notified the

defendant of said counterclaim and that it would hold the defendant to reimburse it for any damages caused by the defect in the defendant's heater. The defendant did not join in the defense of the former action and in the present action, brought on the defendant's guaranty, the judgment roll in the former action was introduced over the objection of the defendant, the court holding that it was binding upon the defendant and refusing to allow any evidence against the same.

*Held*, that the judgment in the former action was competent only to prove that the defendant's heater did not meet its guaranteed capacity, thereby necessitating some delay, and that as this fact was admitted by the defendant the introduction of the judgment roll was unnecessary.

*Held further*, that the defendant's offer to prove that the delay which caused damage to the Price Company was due partly to the fault of the plaintiff in failing to proceed with reasonable dispatch to make the repairs for which the defendant had offered to pay was improperly rejected, and that it was error for the court to dismiss the complaint.

CROSS-APPEALS by the plaintiff, H. W. Butterworth & Sons Company, and by the defendant, The B. F. Sturtevant Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of February, 1916, upon the verdict of a jury rendered by direction of the court, and also an appeal by the defendant from an order entered in said clerk's office on the 18th day of February, 1916, denying its motion for a new trial made upon the minutes.

The plaintiff appeals from said judgment solely on the ground that the amount thereof is not so large as it should have been.

*George H. Mitchell*, for the plaintiff.

*John C. Prizer*, for the defendant.

SMITH, J.:

This plaintiff in 1912 sold to the Price Fireproofing Company of Poughkeepsie certain machinery for a plant at Poughkeepsie, N. Y. Among the machines which the plaintiff sold to the Price Company was a tentering machine manufactured by it and a heater manufactured by the B. F. Sturtevant Company, this defendant. A tentering machine is a machine for the stretching of fabrics. The heating machine furnished by the defendant was guaranteed by the defendant to evaporate from

eighteen to twenty pounds of water per minute from a ninety-foot tenter frame. After the installation of this machinery for the Price Company this plaintiff demanded payment therefor, which was refused. Thereupon the plaintiff sued the Price Fire & Water Proofing Company, the successor of the Price Company, for its claim, which was admitted to amount to $5,356.60. The defendant therein, however, counterclaimed in that action, claiming that the machinery was in part defective, to which repairs were necessarily made by the Price Company, and also damages for delay in putting the machinery in satisfactory condition to do the work for which it was guaranteed. That action was tried before the court without a jury. It was proven that the heater which was guaranteed by this defendant was not adequate to evaporate the amount of water guaranteed upon the passing of the fabric over the ninety-foot tenter frames. This Sturtevant heater was furnished in August, 1912. Complaint was made of its insufficiency to the plaintiff on January 20, 1913. On January twenty-first the plaintiff made complaint to the Sturtevant Company, which immediately directed the plaintiff to make alterations in its tenter frames so that the fabric would pass over a longer space, which would furnish more opportunity for evaporation, and the defendant offered to pay the expenses of such alterations, which plaintiff undertook to make. These improvements were made by putting in some rollers and passing the fabric back and forth until, instead of of its passing over ninety feet of the tenter frame it passed over a much larger space, and upon the completion of the alterations the Sturtevant heater was found to be sufficient to adequately dry the fabric for the Price Company. These alterations were not completed until May 13, 1913, and in the counterclaim in the plaintiff's action against the Price Company plaintiff was charged with the sum of $3,760 for the delay between January twentieth and May thirteenth, the time within which these alterations were being made. Upon the assertion of the counterclaim in the Price action this defendant was given notice thereof, with full notice that the plaintiff would claim reimbursement from the defendant for any damage for which it was charged by reason of the defect in the defendant's heater. The defendant, however, did not join in the defense.

This action is brought by the plaintiff upon the defendant's guaranty, claimed here to be an indemnity, to recover the amount charged the plaintiff upon the counterclaim of the Price Company in the former suit. The judgment roll in that former action was introduced in evidence against the objection of the defendant, and the trial court held that it was binding upon the defendant by reason of the fact that the defendant had notice and an opportunity to defend that action, and refused to allow the defendant to offer any evidence as against the same. Holding that that judgment record was binding against the defendant, the trial court ruled that the defendant was liable to repay to the plaintiff the sum of $3,760, with interest, which in the former action was found to be the damages caused by the delay from January 20, 1913, to May 13, 1913, during the time the repairs were being made to the tenter frames, made necessary by the insufficient heater. These damages were a part only of the damages allowed to the Price Company upon its counterclaim. Before the judgment was directed the defendant offered to prove, among other things, that "the delay was due exclusively to the fault of the plaintiff, who did not notify the defendant until January 21, 1913, that the drying apparatus was operating unsatisfactorily, although defendant's apparatus had been delivered on August 30, 1912, and although the defendant (*sic*) well knew long before January 21, 1913, that the drying apparatus was not operating in accordance with its guarantee to the Price Company, and although the delay in making final and complete tests was expressly due to the necessity of remedying admitted defects in the construction of plaintiff's tenter frame. Further, *that defendant (sic) delayed unreasonably in altering the drying apparatus so as to comply with the guarantee, even after being authorized so to do by defendant at defendant's expense, and after consenting so to do.*" The jury was directed to find a verdict for the plaintiff for the sum of $4,095, which was made up of the sum of $3,760 with which the plaintiff was charged by reason of the delay in its suit against the Price Company, and interest.

It is unnecessary to determine in this action how far a third party may be bound by a judgment in an action of which he is

notified but has had no opportunity to come in and assume the defense of the action. It seems clear that this judgment if competent at all was competent simply to prove that the defendant's heater was inadequate to its guaranteed capacity, thereby necessitating some of the delay. But it is admitted by the defendant that the heater was inadequate to take from the fabric that was passed over the tenter frames the amount of water guaranteed, and, therefore, the introduction of the judgment was unnecessary for the purpose of establishing that fact. One of the findings of the court in the action against the Price Company was that of $5,212.42, the damages allowed upon the defendant's counterclaim, the sum of $5,056.71 represented the amount of the damages suffered by the defendant in that action as the result of the failure of the Sturtevant blower and heater and its equipment manufactured by the B. F. Sturtevant Company to accomplish the evaporation guaranteed therefor in the written guaranty signed by the Sturtevant Company and dated July 1, 1912. In other findings it appears, however, that part of this $5,212.42 allowed upon the counterclaim in the Price action was suffered by the necessity of plaintiff's making repairs to machines with which the defendant was not in any way connected, amounting to between $400 and $500. It is also found that certain goods had to be retreated by reason of defects in the machinery and equipment, at a cost to the Price Company of $975.22, which was included in the ultimate damage allowed. It is clear that this defendant had not indemnified the plaintiff for any repairs necessarily made to machines with which the defendant was in no way connected, and it is not found that the goods which were in fact retreated were necessarily retreated by reason of defects in the defendant's heater. The plaintiff in its contract with the Price Company had a time limit set for the performance of its contract. It was charged with this $3,760 for the delay between January 20 and May 13, 1913. It was not an issue in that case, however, as to whether all of that delay was necessarily caused by the failure of the defendant's heater to accomplish the results guaranteed, and if this defendant had appeared in that action and had sought to raise that issue with this plaintiff, the court would not have permit-

ted the Price action to be incumbered with that extraneous issue between the plaintiff and a third party from whom indemnity was claimed and in which the Price Company had no interest whatever. Whether the defect in the defendant's heater, therefore, was the cause of the four months' delay with which the plaintiff has been charged in the Price action has not been determined by any court competent to determine the same, and was, therefore, an open question in this action. The defendant's offer of proof that part of that delay was caused by the default of the plaintiff itself in failing to proceed with reasonable dispatch to make the repairs for which the defendant had offered to pay and which the plaintiff had undertaken was, therefore, improperly rejected. If it be assumed that the defendant was responsible for delays reasonably and necessarily caused by the defect in its heater, it cannot be charged with a four months' delay if the repairs could have been made in one month by the plaintiff who had undertaken to make those repairs at the defendant's expense. It is apparent, therefore, that the finding that of the damages allowed upon the counterclaim in the Price action some $5,000 was due to the failure of the defendant's heater to perform the guaranteed work, was inconsistent with other findings made, and was upon an issue which was not presented in that action and could not have been tried therein if presented.

These considerations require a reversal of the judgment upon the defendant's appeal, and also constitute a full answer to the plaintiff's complaint upon its appeal that the judgment should be enlarged.

The judgment should, therefore, be reversed and a new trial granted, with costs to the defendant, appellant, to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment reversed and new trial ordered, costs to defendant, appellant, to abide event.